In early June, 1953, the defendant went to trial before the jury on an information comprised of two counts. The first count charged him with the offense of evading responsibility (General Statutes § 2410), and the second with operating a motor vehicle while under the influence of intoxicating liquor (§ 2412).
During the state's initial offer of proof, the court inquired of the prosecuting attorney whether the body on the highway claimed to have been dragged several feet by the defendant's moving car was dead or alive at the time. The prosecuting attorney frankly admitted that the question could not be answered by any evidence in his power to produce. The force of the earlier impact of the motor vehicle operated by a midshipman of Annapolis (not the *Page 368 
defendant herein) with the person of the unfortunate pedestrian was such as to have caused instantaneous death in all probability. The state concedes this aspect. So it was that the court dismissed the subject of the first count from the jury's consideration. The two-day trial was had on the subject of the second count.
The question now for decision is whether the jury's verdict of guilty respecting the second count — operating under the influence — is sustainable on the law and the evidence. After a deliberation of nearly two hours this verdict was rendered. Since there was no eyewitness to the condition of the defendant for sobriety or lack of sobriety either before or after the episode, the verdict is necessarily predicated upon circumstantial evidence. It is on this score that the defendant argues that the verdict is not sustainable.
The episode involving the dragging of the probably dead body of a pedestrian by the defendant's car for several feet occurred on United States Route 1 in the westerly outskirts of Greenwich at about 1:30 o'clock on the morning of March 21, 1953. On his own admission the defendant had consumed between twenty and twenty-five glasses of beer at a tavern in nearby Port Chester, New York, between 6 o'clock on the evening of March 20 and 1 o'clock on the morning of March 21. The jury could very well have found that the verbal and physical warnings given by the midshipman to the defendant to steer clear of the prostrate body on the highway were not heeded because of the defendant's muddled state of mind; and that when the defendant admittedly felt a thud of his car in contact with some object on the highway, it was only because of his muddled state of mind that he did not realize a connection between the midshipman's vociferous warnings and the ensuing impact, and stop to investigate. *Page 369 
The charge to the jury followed the usual pattern given by trial judges to juries in cases of this kind for the past quarter of a century. The place in the case of circumstantial evidence was also discussed with the jury. By their verdict the jury decided as a matter of fact that the defendant did not at the time possess that clearness of mind that is normally associated with persons free of the influence of intoxicating liquor. In short, the jury found as a matter of fact that the defendant was under the influence of intoxicating liquor. With that finding the court is powerless to contravene.
In testing the legal aspects of the verdict, the court has necessarily considered the limits of such cases asState v. McDonough, 129 Conn. 483, and State v.Kreske, 130 Conn. 558. More than that, the court has spent several hours in independent research reviewing cases of other jurisdictions. Many of these cases are to be found in the following notes: 42 A.L.R. 1498, 49 A.L.R. 1392, 68 A.L.R. 1356. It is the court's considered opinion that on the law and the evidence the verdict of guilty meets the test of being based on proof "wholly consistent with the defendant's guilt and inconsistent with any other rational conclusion."State v. McDonough, supra, 485. Further discussion is not required. The motion to set aside the verdict is denied.
At 11 o'clock on the morning of July 21, 1953, the defendant will appear in court for the imposing of penalty. It has always been the policy of the presiding judge to impose a jail term in cases of this character notwithstanding the fact that the defendant is a "first offender." In view of the circumstantial aspects of this case, counsel for the defendant will have an opportunity to persuade the court that the ends of justice will be equally served by the imposing of a fine rather than a jail term.
 As stated, the motion is denied.