In his appeal from a conviction of evading responsibility, the defendant claims that the court erred as a matter of law in concluding that he violated the applicable statute, § 14-224 of the General Statutes.
There is no dispute about the facts, which are as follows: On January 1, 1961, an automobile operated by Theresa O. Garrity and carrying as passengers her husband, Earl Garrity, on the right front seat, and her two children on the back seat, was stopped on Center Street in Manchester preparatory to making a left turn into Proctor Road and was struck in the rear by a car operated by the defendant. The force of the collision pushed the Garrity car more than a car length forward. The side of the defendant's car hit the rear bumper of the Garrity car a glancing blow, the defendant's car ending up in a snowbank with its rear end protruding into the traveled portion of the street. There was no direct testimony as to damage to the Garrity car. The Garrity children were thrown to the floor and were crying and screaming; Earl Garrity was thrown against the dashboard; Mrs. Garrity in reply to her husband's question said she was not injured. She did not leave the car and stayed with the children because they were frightened. Garrity got out of the car and went over to, and spoke to, the defendant and his passenger, ascertaining that they were not injured. After some conversation between Garrity and the defendant, the details of which Garrity could not remember, Garrity helped the defendant move his car out of the snowbank, and the defendant then drove off without rendering any assistance, and without giving any information *Page 319 
or making any inquiries. As he drove off, Garrity noted his registration number and reported the matter to the police.
The statute with the violation of which the defendant is charged is § 14-224 of the General Statutes, the pertinent provisions of which are: "Each person operating a motor vehicle who is knowingly involved in an accident which causes injury, whether or not resulting in death, to any other person or injury or damage to property shall at once stop and render such assistance as may be needed and shall give his name, address and operator's license and registration number to the person injured or to the owner of the injured or damaged property, or to any officer or witness to the death of any person or to the injury to person or injury or damage to property, and if such operator of the motor vehicle causing the death or injury of any person or injury or damage to any property is unable to give his name, address and operator's license number and registration number to the person injured or the owner of the property injured or damaged, or to any witness or officer, for any reason or cause, such operator shall immediately report such death or injury of any person or injury or damage to property to a police officer, a constable, a state police officer or an inspector of motor vehicles or at the nearest police precinct or station, and shall state in such report the location and circumstances of the accident causing the death or injury of any person or the injury or damage to property and his name, address, operator's license number and registration number."
Under the clear language of this statute, the following requirements are necessary to sustain a conviction: The defendant must have been knowingly involved in an accident, and the accident must have involved injury to some other person or damage to *Page 320 
property. If these requirements are met, the person who caused the accident must stop, render assistance and give the specified information to the person injured or to the owner of the property damaged. These requirements have formed the basic part of the evading responsibility statute from the time of its first enactment in 1917. Public Acts 1917, No. 333, § 20. Injury to the operator of the vehicle causing the accident or damage to his vehicle is immaterial, because the statute requires the information to be given by the operator to the owner of the damaged vehicle. In construing a statute, every part thereof must be presumed to have a purpose and be so construed as to achieve such purpose, and every word and provision must be given a meaning wherever possible. Blanos v.Kulesva, 107 Conn. 476, 482. In State v. Murray,18 Conn. Sup. 367, the court dismissed from the jury's consideration the subject of the first count, which charged the defendant with evading responsibility, because the state admitted that it had no evidence to show whether the pedestrian claimed to have been dragged by defendant's moving car was dead or alive at the time.
There is no question that the defendant was knowingly involved in an accident. The only question therefore is whether the accident caused injury to the occupants of the Garrity car or to the passenger in the defendant's car or damage to the Garrity car. As to personal injuries, there is no evidence that Garrity was injured, nor the passenger in the defendant's car; Mrs. Garrity testified that she was not injured and that she stayed with the children because they were frightened. There is nothing in the testimony of any witness from which personal injury could be reasonably inferred. As to damage to the Garrity car, the only evidence was that the side of the defendant's car struck the *Page 321 
rear bumper and taillight of the Garrity car a glancing blow and must have hit the rear end because there was paint on the rear end; there was no evidence that the taillight, bumper or rear end were damaged nor that the paint was from the defendant's car, nor anything in the testimony from which any damage to the Garrity car could be reasonably inferred. The state failed to prove beyond a reasonable doubt the guilt of the defendant.
 There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.
In this opinion KOSICKI and DEARINGTON, Js., concurred.