The defendant was charged with evading responsibility in violation of § 14-224 of the General Statutes. He was found guilty and has *Page 285 
appealed. His lone assignment of error is that the trial court erred in concluding upon all the evidence that he was guilty of the crime charged beyond a reasonable doubt. He has filed a complete record of all the evidence taken at the trial.
An examination of all the testimony discloses that the trial court could reasonably and logically have found the following facts. At approximately 3 o'clock on the morning of August 26, 1961, the defendant was entering the Connecticut turnpike in a westerly direction at the South Street ramp in Stamford. As he reached the crest of the ramp, his automobile veered off the road to the right and struck the fence bordering the ramp, which fence was owned and maintained by the state of Connecticut. As a result of the collision, the fence was damaged and the automobile of the defendant was damaged. A tire on the defendant's automobile was deflated. After this collision, the defendant entered the turnpike and continued westerly for a distance of about a mile and a half to the next exit, which was the West Street exit in Stamford. The defendant's automobile traveled this distance on a deflated tire. The West Street exit led to the defendant's home. The defendant then drove off the turnpike on the West Street exit and drove his automobile into a gasoline station, cut off his motor and turned off the lights of his automobile. The gasoline station was closed. Officer Hojnacki of the Stamford police force, in a routine tour of duty, came upon the defendant and asked him "What did you hit?" The defendant made no response. He did not report to this police officer that he had struck a fence on the turnpike, the damage done to the fence, nor the location and circumstances of the accident. He did not give his name, address and operator's license number to this officer. The defendant knew he had damaged the highway fence. *Page 286 
After repeated questioning by this police officer, the defendant finally stated he had struck the fence on the turnpike and gave no further information. This officer then telephoned for a state police trooper, and as a result Trooper Sheedy arrived at the gasoline station. Being questioned by Trooper Sheedy, the defendant stated to him that nothing had happened and that only defendant's automobile was damaged. The defendant further stated that there was no need to report the accident, and denied striking anything. Upon Trooper Sheedy's insistence that as a state police trooper it was his duty to investigate all turnpike accidents, the defendant finally accompanied the trooper to the scene of the collision, where the trooper discovered the damaged fence. The trooper then placed the defendant under arrest.
In support of defendant's lone assignment of error, the defendant makes the following argument, in three parts. In part one, he claims that § 14-224
was not violated by his failure to remain at the scene of the accident. In part two, he claims that the evidence was insufficient to show beyond a reasonable doubt that he intentionally attempted to evade responsibility in his encounter with Officer Hojnacki. In part three, he claims the testimony of Trooper Sheedy had no probative force or value.
Having examined all of the evidence, we consider the defendant's arguments and conclude that they are without merit. Section 14-224 is a positive mandatory statute. It commands an operator of a motor vehicle to do certain things and perform certain acts under certain circumstances. It sets forth that disobedience to it is a punishable offense. In discussing a similar type statute, the court stated in Barnes v. State, 19 Conn. 398, 404: "The language used is too clear and too positive to be mistaken; nor can we mistake the evil aimed at, by the legislature." *Page 287 
Section 14-224 was enacted for the purpose of preventing the operator of a motor vehicle from evading his responsibility to an injured person or to the owner of damaged property. The specific directives and mandates of the statute cannot be mistaken or misunderstood. To say that a specific intent to evade such responsibility must be proven beyond a reasonable doubt is to destroy the purpose of the statute rather than to sustain it. In State v.Kinkead, 57 Conn. 173, 179, the court described a similar claim, in the consideration of a similar type of statute: "This argument is specious but it is hardly sound. We have no occasion to impute to the legislature an intention to make an act a crime irrespective of the intent; for it is competent for the legislature to supply the intent by making circumstances equivalent thereto." In 5 Berry, Automobiles (7th Ed.) § 5.357, we find: "The only intention necessary to render a person liable to a penalty for a violation of an automobile statute is the doing of the act prohibited." In 61 C.J.S. 817, § 674c (2), we find, in a discussion of evading responsibility statutes: "As a general rule, a specific intent is not an essential element of the offense . . . ."
Section 14-224 directs the operator of an automobile, under certain stated circumstances described by the legislature, to perform certain acts. Failure of an operator to follow the directives and mandate of the statute under the stated circumstances supplies the intent and constitutes the crime.
It was within the exclusive province of the trial court to assay the probative value of the testimony of Trooper Sheedy, and with the court's conclusions in this respect we do not interfere. This principle is too well established to require authority.
From all of the evidence, the trial court could have reasonably concluded that the defendant did *Page 288 
not comply with the provisions of § 14-224, that he did not follow the directives in the statute, and therefore that he was guilty as charged beyond a reasonable doubt.
 There is no error.
In this opinion McCARTHY and AARONSON, Js., concurred.