The defendant was charged with the crime of evading responsibility in the operation of a motor vehicle, in violation of § 14-224 of the General Statutes. He elected trial to the jury, which returned a verdict of guilty. The defendant moved to set aside the verdict, the motion was denied, and the defendant appealed.
The jury could reasonably have found the following facts: On August 25, 1961, Lionel LaBreche, an officer of the state police, commenced an investigation of an accident which had occurred on Crystal Lake Road, a public highway, on August 22. His investigation disclosed that some thirteen highway fence posts on Crystal Lake Road were snapped *Page 422 
off, bent over or pulled out of the ground in two different locations, approximately 200 yards apart. The damaged posts were near the north edge of the highway. Debris found at the scene consisted of, among other items, pieces of chrome and a hubcap and a portion of a bumper or grille. No report of an accident at the scene had been made to police authorities within the preceding two or three days. The officer checked the neighborhood to ascertain the vehicle responsible for the damage. He knew and had contact with the defendant and in connection with the investigation had conversation with him. LaBreche examined a Dodge hardtop automobile in the driveway of the home of the defendant. The car was damaged on the right-hand side from front to rear. The chrome strips were missing, and the grille and bumper were badly smashed. The hubcap found at the scene of the accident was a Chrysler Corporation product. The right front hubcap of the defendant's car was missing. LaBreche, a member of the state police for almost six years, had investigated automobile accidents and had examined damaged vehicles. The defendant's car had missing, from its right-hand side, chrome strips which matched those found in the debris. The headlight rim found in the debris matched the rims on the defendant's vehicle. The defendant admitted to LaBreche that his car struck the posts and that he did not report the accident to the police. He gave a written statement admitting his part in the case; it was marked state's exhibit A.
The pertinent portion of § 14-224 reads as follows: "Each person operating a motor vehicle who is knowingly involved in an accident which causes . . . damage to property shall at once stop and render such assistance as may be needed and shall give his name, address and operator's license and registration number . . . to the owner of the . . . *Page 423 
damaged property, or to any officer or witness to the . . . damage to property, and if such operator of the motor vehicle causing . . . damage to any property is unable to give his name, address and operator's license number and registration number to . . . the owner of the property . . . damaged, or to any witness or officer, for any reason or cause, such operator shall immediately report such . . . damage to property to a police officer, a constable, a state police officer or an inspector of motor vehicles or at the nearest police precinct or station, and shall state in such report the location and circumstances of the accident causing the . . . damage to property and his name, address, operator's license number and registration number."
The defendant's fourth, fifth and sixth assignments of error are considered together, since the basic claim of these specific assignments rises or falls on the question of the corpus delicti. There is no question that the extrajudicial statements were voluntary. The defendant did not take the stand to deny or vary them, and his objection to them is that insufficient independent evidence of the corpus delicti had been introduced to authorize their admission in evidence. The corpus delicti, that is, that the crime charged has been committed by someone, cannot be established by the extrajudicial confession of the defendant unsupported by corroborative evidence. The independent evidence must tend to establish that the crime has been committed and must be material and substantial but need not be such as would establish the corpus delicti beyond a reasonable doubt apart from the confession. Properly, this independent evidence should be introduced, and the court satisfied of its substantial character and sufficiency, before the confession is allowed in evidence.State v. Doucette, 147 Conn. 95, 99; State v. LaLouche,116 Conn. 691, 695; State v. Skinner, *Page 424 132 Conn. 163, 166; State v. Guastamachio, 137 Conn. 179,182; 2 Wharton, Criminal Evidence (12th Ed.) § 393.
The independent evidence here is adequate to prove the following, in application to the statute: (1) damage (the highway posts) by a motor vehicle to the property of another; (2) "knowingly involved" (the violent impact to thirteen posts, damage to the vehicle and debris); (3) failure to report (no report furnished to police authorities); and finally (4) operation (discovery of vehicle in the defendant's driveway, coupled with the damaged parts and condition of the vehicle). Whether or not the court relied on § 14-107 of the General Statutes, entitled "Criminal liability of owner," is immaterial as to proof of operation. The court was satisfied this was not required, since ownership had been established. This was a reasonable and logical inference. The court was more than justified in admitting the defendant's confession into evidence. See State v. LaRiviere, 22 Conn. Sup. 385.
The first and second assignments of error are disposed of as follows: Great weight must be given the action of the trial court upon a motion to set a verdict aside, and all reasonable inferences resolved in support of the ruling. Maltbie, Conn. App. Proc. § 190. The verdict must be tested by the evidence. We cannot say as a matter of law that the jury could not reasonably have concluded that the defendant evaded responsibility within the meaning of the statute. The court did not err in refusing to set aside the verdict. See Harris v. Clinton,142 Conn. 204, 209; State v. Chin Lung, 106 Conn. 701,704. Proof beyond a reasonable doubt does not require proof beyond a possible doubt. State v. Guilfoyle,109 Conn. 124, 139; State v. Gargano, 99 Conn. 103,105. The evidence adequately supports the verdict and establishes that the defendant was guilty *Page 425 
as charged beyond a reasonable doubt. See State v.Tomassi, 137 Conn. 113; State v. Jordan, 136 Conn. 201.
The remaining assignment of error is the third, wherein the defendant assigned error in the admission of the testimony of LaBreche concerning the matching up of the debris with the items found to be missing from the automobile. An examination of the record fails to show what were the grounds for objection to this testimony. It is fundamental that objection to testimony will not be considered unless the ground of objection was succinctly stated at the time. In addition, exhibit B of the third assignment of error is obviously not a conclusion but rather a recital of an act performed by the witness. See McCarthy v. Maxon, 134 Conn. 170; Petrillo v.Kolbay, 116 Conn. 389.
 There is no error.
In this opinion DANNEHY and WRIGHT, Js., concurred.