STATE OF CONNECTICUT *v.* DARIEL WALSH

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 2-7864

Argued October 5, 1962—decided January 15, 1963

*Virginia P. Boyd,* of Westport, for the appellant (defendant).

*Robert K. Lesser,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendant was convicted of evading responsibility; General Statutes § 14-224; and of failure to grant the right of way at an intersection; § 14-301; and has appealed. She assigns as error the court's failure to find ten paragraphs of her draft finding, the court's finding of subordinate facts and its conclusions, and the conclusion that upon all the evidence the defendant was guilty beyond a reasonable doubt. In her argument, she did not press her appeal on the charge of failure to grant the right of way, and therefore we need not consider it.

Upon the defendant's last assignment of error, "we determine from the entire evidence whether the court erred in holding that guilt [of evading responsibility] was established by the requisite degree of proof." *State* v. *Pundy,* 147 Conn. 7, 8. We do not evaluate the evidence but simply determine, as a question of law and not as an issue of fact, whether there is evidence to support the ultimate conclusion of guilt. *State* v. *Plant,* 22 Conn. Sup. 436, 442.

The court could reasonably have found the following facts. On February 19, 1962, at about 11 a.m. the defendant was operating her automobile on the entrance ramp to the Merritt Parkway from route 58 in the town of Fairfield, and when entering onto the Merritt Parkway came in contact with an auto-

mobile being operated by one Hubbell easterly and in the right-hand lane. Both automobiles were damaged. The weather was very bad; it was snowing and the road was slippery, with some snow piled upon both sides of the highway. The defendant did not stop; she continued on ahead of the Hubbell car and pulling away from it, knowing she had had an accident. She proceeded on the parkway for approximately a mile and a half and pulled off at a gasoline station, where she remained for about ten minutes, assuming the Hubbell automobile would come along. She did not look for a telephone to make a report. She continued on, and turned off the parkway onto route 110 in the town of Stratford, where she was apprehended by a state police officer who had been notified by the driver of the Hubbell automobile.

The defendant claimed that because of the weather conditions she felt it unsafe to stop at the scene of the accident. The main contention in argument was that the defendant may have made an error in judgment but had no intention to evade responsibility.

Section 14-224 is a positive, mandatory statute and its requirements have so frequently been stated that we feel it unnecessary to state them again. See *State* v. *Richardson*, 23 Conn. Sup. 284; *State* v. *LeTourneau*, 23 Conn. Sup. 420. The statute only requires knowledge of an accident, and knowledge was admitted by the defendant. An error in judgment or lack of intention is not an excuse for failure to follow the directives and mandates of the statute.

It is for the trial court to pass upon the weight and credibility of the evidence, and its conclusions, if reasonably reached, must be accepted. *State* v. *Annunziato*, 145 Conn. 124, 135. From all the evidence, the trial court could have reasonably con-

cluded that the defendant did not comply with § 14-224, that she did not follow the directives of the statute, and that therefore she was guilty as charged beyond a reasonable doubt.

This disposes of the appeal, but we feel compelled, owing to the increased number of faulty appeals, to comment briefly on the defendant's other assignments of error. The court made a finding, but the defendant failed to make a motion to correct the finding, as provided by Circuit Court Rule 7.23.1. Since there is no assignment of error seeking correction of the subordinate facts, they cannot be changed. It is apparent that the defendant attempted her appeal under § 389 of the Practice Book. Although we adhere to many appellate rules of the Supreme Court of Errors, we have simplified, for our appellate procedure, some of those rules. These other assignments of error were not properly made and merely served to clutter the record.

The assignment of error we have considered, taken under Circuit Court Rule 7.31.1, required no finding.

There is no error.

In this opinion KOSICKI and DEARINGTON, Js., concurred.