## G. Fox and Company, Inc. *v.* Alvin Schlossberg

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-6211-1856

Argued May 20—decided August 21, 1963

*John P. McKeon,* of Hartford, for the appellant (defendant).

*Harvey E. Nair,* of Hartford, for the appellee (plaintiff).

PRUYN, J. The plaintiff sued to recover for damage to its truck allegedly caused by the defendant's negligence, and the defendant counterclaimed for damage to his automobile as a result of the sole negligence of the plaintiff. From the judgment finding the issues for the plaintiff the defendant has appealed.

The facts as found by the court may be summarized as follows: Ann Street in Hartford is about forty feet wide, runs north and south and crosses Church Street at right angles. There are three unmarked driving lanes on Ann Street and a parking lane at the easterly curb with a no parking zone for fifty feet south of the Church Street corner.

On December 4, 1961, plaintiff's truck was going northerly on Ann Street in the easterly driving lane about seven feet from the east curb and stopped at Church Street by reason of the red traffic light at that intersection. Its right-hand directional signal had been turned on at a point about 100 feet from the Church Street corner, indicating an intention to turn easterly on Church Street. At about the same time the defendant, who had been parked on Ann Street at the first parking meter about fifty feet from the corner of Church Street, started his car and proceeded along the parking lane next to the curb on the extreme easterly side of Ann Street, stopping for the light to the right of the plaintiff's truck, but with the front of his car abreast of the middle of the truck, at a distance of about four feet therefrom. When the light changed to green after about a half a minute, both vehicles proceeded, and the truck, commencing its turn easterly into Church Street, was struck by the defendant's car at a point about five feet from the east side of Ann Street extended, and damage was caused to both vehicles.

On his appeal, the defendant has conceded his own negligence and confines his appeal to the court's conclusion that the driver of the plaintiff's truck was at all times in the exercise of due care. The defendant argues that the court erred in reaching that conclusion in view of § 14-241 of the General Statutes, which provides that the approach for a right turn and a right turn shall be made "as close as practicable to the right-hand curb or edge of the highway."

The finding is not subject to correction; some of the facts which the defendant seeks to have added are based on conflicting testimony and others on uncontradicted testimony; the latter are not admitted or undisputed facts merely because they have

not been contradicted. The acceptance or rejection of testimony is the sole province of the trial court, which is the final judge of the credibility of a witness and may believe or disbelieve all or any part of his testimony. *Humphrey* v. *Argraves,* 145 Conn. 350, 355; *State* v. *Annunziato,* 145 Conn. 124, 129; *State* v. *Coulombe,* 143 Conn. 604, 609; *Armstrong* v. *Watrous,* 138 Conn. 127, 129.

On the basis of the court's finding that the plaintiff's truck was in the easterly driving lane and about seven feet from the east curb, that its right-turn signals were on and that the extreme east lane was a parking lane though it was free of obstruction for fifty feet south of the intersection, we cannot say that the court erred in reaching its conclusion that the driver of the plaintiff's truck was at all times exercising due care.

There is no error.

In this opinion JACOBS and KINMONTH, Js., concurred.