State of Connecticut *v.* Ferdinand A. Herbst

Appellate Division of the Circuit Court

File No. MV 10-9306

Argued May 27—decided September 3, 1963

*Edward C. Lavallee,* of Norwich, for the appellant (defendant).

*Leo J. McNamara,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendant was charged with evading responsibility in violation of § 14-224 of the General Statutes. He was found guilty and has appealed. His first assignment of error is based on the claim that he was not guilty of the offense charged since the court did not find that he had knowingly caused damage to property. This assignment is not well taken and need not be considered, since he did not comply with Circuit Court Rules 7.13.1 and 7.21.1. There was no finding, nor was it required. He also assigns error in the conclusion of the trial court that on all of the evidence the defendant was guilty of the offense charged beyond a reasonable doubt. On this assignment, we determine from the entire evidence whether the court erred in holding that guilt was established by the requisite degree of proof. *State* v. *Pundy,* 147 Conn. 7, 8; *State* v. *Walsh,* 24 Conn. Sup. 374.

The court could reasonably have found the following facts. On October 30, 1962, at about 9:45 p.m. the defendant was operating his automobile on Church Street, Norwich, and collided with the left rear of a parked car, causing damage. The sound of impact was loud enough to bring it to the attention of a neighbor as well as another motorist headed in the opposite direction. The defendant left the scene and was later apprehended at his home. He admits that he was the operator and that his automobile struck the parked car but claims he stopped and looked out of his right window and thought there was no damage and so proceeded on. His sole argument is that he did not knowingly do damage.

The pertinent provisions of § 14-224 of the General Statutes are: "Each person operating a motor vehicle who is knowingly involved in an accident which causes . . . injury or damage to property shall at once stop" and do certain things. It is clear from the language of the statute that the defendant must have been knowingly involved in an accident and the accident must have involved injury to some other person or damage to property. If these requirements are met, the person who caused the accident must follow the other requirements of the statute which are positive and mandatory. *State* v. *Humphrey,* 22 Conn. Sup. 317, 319; *State* v. *LeTourneau,* 23 Conn. Sup. 420, 424.

Our present statute has been unchanged since 1957. Prior to that time, the statute read in part as follows: "Each person operating a motor vehicle who knowingly causes . . . injury or damage to property shall at once stop . . . ." Rev. 1949, § 2410. It is significant that the 1957 legislature changed this statute to make it read "is knowingly involved in an accident which causes . . . injury . . . ." Public Acts, Spec. Sess. Sept. 1957, No. 11, § 8. Thus, aside from operation, the prime element of the offense is being knowingly involved in an accident. It then becomes the obligation of the defendant to ascertain whether damage to property resulted therefrom. Whether the damage is slight or great is immaterial, so long as there has been damage. See *Goggins* v. *Fawcett,* 145 Conn. 709, 711.

In the instant case the defendant admitted operation and that he was involved in an accident. The state offered evidence of damage to the left rear fender, and taillight of the parked car. It is for the trial court to pass upon the weight and credibility of the evidence, and its conclusions, if reasonably reached, must be accepted. *State* v. *Annunziato,* 145 Conn. 124, 135.

The defendant relies upon *State* v. *LaRiviere,* 22 Conn. Sup. 385, as authority for his argument that an accused must knowingly have caused damage. It is true that in that case the court in its discussion (p. 389) set out two of the elements of evading responsibility as "(1) damage by a motor vehicle to the property of another, and (2) knowledge by the operator that such damage had been caused." In that case, the court found that there was sufficient direct evidence to prove both knowledge of an accident and damage. "As the discussion went beyond the facts involved in the issues, it is dictum and does not have the force of a precedent." *Sharkiewicz* v. *Smith,* 142 Conn. 410, 412.

From our examination of the evidence, we conclude that the defendant was "knowingly involved in an accident." The accident caused damage to the parked vehicle. It is immaterial that the defendant did not know that he had caused damage to the parked car.

There is no error.

In this opinion DEARINGTON and LEVINE, Js., concurred.