STATE OF CONNECTICUT *v.* ALCOTT G. LOUNSBURY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 11-4982

Argued November 4—decided December 2, 1963

*James N. Egan,* of Hartford, for the appellant (defendant).

*Philip M. Dwyer,* prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendant was convicted in a trial to the court of the crime of evading responsibility, in violation of § 14-224 of the General Statutes, and has appealed. The defendant assigns as error (1) the court's conclusions, (2) the court's failure to correct the finding, (3) that the conclusions are not supported by the subordinate facts, (4) that upon all the evidence the defendant was not proved guilty beyond a reasonable doubt, (5) the rejection of evidence as to alibi, and (6) the court's ignoring or refusing to accept the evidence or probative effect of defendant's exhibit A.

Since there were no stenographic notes taken at the trial, the parties may not assign error in the court's action on the motion to correct the finding. Therefore, the defendant's assignment of error addressed to the correction of the finding cannot be considered. Practice Book, 1963, §§ 963, 981;

*Staff* v. *Hawkins,* 135 Conn. 316, 318; *McCulley* v. *Marino,* 24 Conn. Sup. 229, 231; *Lang* v. *Marro,* 24 Conn. Sup. 128. Where the defendant assigns "as error that he was not, upon all the evidence, guilty beyond a reasonable doubt . . . the evidence to support the assignment shall be filed." Practice Book, 1963, § 995. The court having made a finding which is not subject to correction, we must test the court's conclusions by the subordinate facts found, and the conclusions must stand unless they are legally or logically inconsistent with those facts or unless they involve the application of some erroneous rule of law material to the case. *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 692.

The principal facts set forth in the finding are as follows: On June 30, 1963, between 9:45 and 10:00 p.m., a vehicle owned by the defendant, while being operated on Pleasant Valley Road in Mansfield, struck a tree, a Chevrolet truck and a barn. At 10:05 p.m., the Willimantic police discovered the abandoned vehicle of the defendant approximately one-half mile from the place where the property damage occurred, and about three miles from the Willimantic police station. There was only one set of keys to this vehicle and this set was always in the possession of the defendant; there was no evidence of tampering with the vehicle to start the motor without a key. A police officer had seen the defendant and his vehicle at approximately 9:10 p.m. in a parking lot in Willimantic. The defendant arrived at the Willimantic police station at 11:20 p.m. to report that his vehicle was stolen. The court concluded that the presumption in law is that the defendant owner was the driver, that the circumstances of time, distance and damage to the defendant's vehicle pointed to the defendant as the operator, and that the defendant's testimony that the car had been stolen was unworthy of belief.

There is no question that a violation of § 14-224 of the General Statutes had occurred. Section 14-107 reads in part as follows: "Whenever there occurs a violation of Section . . . 14-224 . . . , proof of the registration number of any motor vehicle therein concerned shall be prima facie evidence in any criminal action that the owner was the operator thereof." The defendant offered evidence that the vehicle had been stolen and therefore that he was not the operator. Nothing in our law is more elementary than that the trier is the final judge of the credibility of the witnesses and of the weight to be accorded their testimony. *Humphrey* v. *Argraves,* 145 Conn. 350, 355; *Chazen* v. *New Britain,* 148 Conn. 349, 352. The trial court had the opportunity of observing the witnesses upon the stand and the manner in which they responded under direct and cross examination. It was satisfied that the state had made out a prima facie case and disbelieved entirely the attempted alibi. That was its province and we cannot disturb its conclusion. *State* v. *Bill,* 146 Conn. 693, 696; *G. Fox & Co.* v. *Schlossberg,* 2 Conn. Cir. Ct. 269, 271. The court was entitled to draw all fair and reasonable inferences from the facts established by the evidence, and we find that the conclusions are legally and logically supported by the subordinate facts found. Defendant's assignments of error 1, 3 and 5 are without merit.

The defendant's final assignment of error, (6), that the court ignored or refused to accept the evidence or probative effect of defendant's exhibit A, is not properly before us. We cannot find in the record on appeal any indication that the paper referred to by the defendant as his exhibit A was ever introduced into evidence in the trial court or that, under the rule of cases such as *State ex rel. Capurso* v. *Flis,* 144 Conn. 473, 477, the proper

steps were taken to have the trial court take judicial notice of it. The paper purports to be a cross complaint in a civil action and is attached to the defendant's assignment of errors and to his brief. We do not consider it because it is not a part of the record. Maltbie, Conn. App. Proc. § 319. Even if it had been introduced at the trial, we cannot say that the trial court was compelled to find the facts recited in it. *Karen* v. *East Haddam,* 146 Conn. 720, 725.

The defendant admitted in argument that without a stenographic report his task was most difficult. This is an understatement. His difficulties are insuperable.

There is no error.

In this opinion DEARINGTON and JACOBS, Js., concurred.