STATE OF CONNECTICUT *v.* LIONEL FOURNIER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 11-4224

Argued December 16, 1963—decided May 8, 1964

*Theodore A. Lubinsky,* of Hartford, for the appellant (defendant).

*Philip M. Dwyer,* prosecuting attorney, for the appellee (state).

LEVINE, J. Upon a trial to the jury, the defendant was found guilty of the crime of evading responsibility in the operation of a motor vehicle, in violation of § 14-224 of the General Statutes, and has

appealed, assigning as error three of the court's rulings on evidence, the denial of a motion for a directed verdict, and the denial of a motion for a judgment non obstante veredicto.

The jury could reasonably have found the following facts: On February 17, 1963, at 9 p.m., Nils Smith, on hearing a loud noise, went outside his home in the town of Columbia, and from a distance of twenty-five feet observed an automobile with a flat tire on its right side going north on route 6. When Smith attempted to drive out of his driveway onto the highway, he found two pieces of automobile chrome and glass fragments in the way and had to remove them before proceeding to Willimantic, which was south of his house. On his return, he drove past his home and, about one-eighth of a mile north of his house, saw an automobile with license plates "FUNN" in a rest area. A man was changing a tire on this automobile. Smith proceeded past the rest area, turned around, and again saw the same automobile, which was then proceeding in the opposite direction on the highway, and noted it was a Ford product between the years 1960 to 1963, with the right front headlight unlit, and that its license plate was "FUNN." Thereafter, Smith contacted a state police officer, and together they went to Smith's home, where they found thirteen broken highway fence posts. They both proceeded to the rest area and recovered a third piece of automobile chrome. Connecticut registration "FUNN" is registered in the name of Lionel M. Fournier and covers a 1961 Mercury Meteor, which is a product of the Ford Motor Company. That night the police officer proceeded to the address typed on the registration but did not find the defendant. On February 18 at 10:45 p.m., the officer saw the defendant's vehicle, bearing license plates "FUNN," and took photographs of the automobile, including photographs in

which the chrome pieces previously referred to were held up against the car at places from which chrome was missing.

The officer testified that in his opinion the chrome pieces found in Smith's driveway and in the rest area belonged to the car with the registration "FUNN." The defendant refused to make any statement, saying that his lawyer had instructed him to remain silent. While the defendant was at the state police barracks on March 11, 1963, when the information in the instant case was served upon him, in response to the question by the officer, "What made you run off the road?" he replied, "I should have stayed there." The logbooks of the state police barracks at Colchester and the Willimantic police department did not show that any phone call had been received reporting this accident. The defendant did not take the stand in his own defense.

The defendant assigns error in the admission as exhibits of two photographs of his car showing an officer holding chrome parts to the portions of the car where they are normally attached and which were bare of chrome. "[A] photograph . . . [is] secondary evidence and its correctness and accuracy must be proved before it can be received. . . . [A] photograph 'is the pictorial representation of the testimony of a witness through whom it is offered in evidence.' Ordinarily it should be substantiated by testimony that it is a correct representation of the conditions it depicts, and in so far as it is properly so authenticated it becomes evidence of those conditions. . . . While the verification of a photograph is a preliminary question of fact to be decided by the trial judge, its weight as evidence is for the jury." *Cagianello* v. *Hartford,* 135 Conn. 473, 475; see *Banks* v. *Watrous,* 134 Conn. 592, 596; *Crowell* v. *Middletown Savings Bank,* 122 Conn.

362, 370; *State* v. *Cook,* 75 Conn. 267, 270; *Cunningham* v. *Fair Haven & Westville R. Co.,* 72 Conn. 244, 249; *McGar* v. *Bristol,* 71 Conn. 652, 655. The photographs were offered in evidence as pictorial representations of the officer's opinion that the pieces found at the scene of the accident fitted the defendant's car. The fact that these pieces of chrome would have fitted any other car of the same make did not make the photographs inadmissible, since they were an accurate representation of what they purported to show, namely, the condition of the car, lacking parts of chrome trim; the parts found at the scene held up to the bare places; and the officer's opinion that the pieces did fit this car. It was for the jury to give whatever weight they desired to these photographs. *Cagianello* v. *Hartford,* supra. "Whether a photograph shows a situation with sufficient accuracy to render it admissible is a preliminary question for the court, whose action thereon can rarely be reviewed." *Crowell* v. *Middletown Savings Bank,* supra; *Voltz* v. *Orange Volunteer Fire Assn., Inc.,* 118 Conn. 307, 311. "A preliminary ruling as to the admission of a photograph is within the discretion of the court, and unreviewable unless exercised unreasonably." *Murray* v. *Gagliardi,* 105 Conn. 392, 393. The court was correct in admitting the two photographs as exhibits.

In response to the officer's inquiry, "What made you run off the road?" the defendant replied, "I should have stayed there." The defendant claims that the state did not produce sufficient extrinsic facts of the corpus delicti to make this extrajudicial statement admissible in evidence. Our Supreme Court of Errors has stated the rule to be that the fact that the crime charged has been committed by someone cannot be established by the extrajudicial confession of the defendant unsupported by corroborative evidence. *State* v. *Doucette,* 147 Conn. 95, 98.

"The independent evidence must tend to establish that the crime charged has been committed and must be material and substantial, but need not be such as would establish the *corpus delicti* beyond a reasonable doubt apart from the confession. . . . Properly this [extrinsic] evidence should be introduced and the court satisfied of its substantial character and sufficiency to render the confession admissible, before the latter is allowed in evidence." *State* v. *LaLouche,* 116 Conn. 691, 695; *State* v. *Skinner,* 132 Conn. 163, 166; *State* v. *Doucette,* supra, 99.

The state had produced substantial and material evidence sufficient to establish the corpus delicti, and therefore the defendant's admission was admissible into evidence. The state had established by independent evidence which was material and substantial that the crime of evading responsibility had been committed. That evidence, together with the admission of the defendant, established his commission of the crime.

The defendant relies on *State* v. *LaRiviere,* 22 Conn. Sup. 385, 389, as authority for his argument that he must have knowingly caused damage to be found guilty of evading responsibility. The scope of that case was limited by *State* v. *Herbst,* 2 Conn. Cir. Ct. 236, 239, where we stated that it was sufficient if the "defendant was 'knowingly involved in an accident' [see General Statutes § 14-224]," and that it was "immaterial that the defendant did not know that he had caused damage to the parked car." See also *State* v. *Schonrog,* 2 Conn. Cir. Ct. 239; *State* v. *Lounsbury,* 2 Conn. Cir. Ct. 329.

The defendant's last two assignments of error concern the court's denial of the motions for a directed verdict and judgment non obstante veredicto. The defendant claims that the state had failed to prove beyond a reasonable doubt that there had been

a failure to report the accident to the authorities named in the statute. The motion for a directed verdict is a prerequisite for a motion non obstante veredicto. *Goldberg* v. *David Roberts Corporation,* 139 Conn. 629, 633. "The motion is to be granted only if a direction of the verdict would be proper." *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 421.

"The trial court should not direct a verdict of not guilty unless the judge is clearly of the opinion, upon the best consideration and judgment he can give the matter, that under the law the evidence compels such a direction. The performance of this duty is of deep significance to the accused and to the State alike, and calls for the highest qualities the trial judge possesses." *State* v. *Torello,* 100 Conn. 637, 643. Due consideration should be given to the trial court's refusal to disturb the verdict and its reasons therefore when given. *State* v. *Tucker,* 146 Conn. 410, 413. The state had introduced into evidence the logbooks of both the Willimantic police and the Colchester state police barracks, and these books failed to show any call from the defendant giving notice of the accident. The entire case was presented to the jury on the testimony of the state's witnesses; the defendant did not take the stand. It therefore becomes necessary to decide first if the state made out a prima facie case of all of the elements of evading responsibility, including failure to report; that is, such a case as called for the defendant to come forth with an explanation. From the defendant's failure to testify after a prima facie case is made out, the jury may draw an inference of guilt, which, together with the prima facie case, would be sufficient to make out a case beyond a reasonable doubt. *State* v. *McDonough,* 129 Conn. 483, 487; *State* v. *Nelson,* 139 Conn. 124, 127. "This is true even where the

evidence is circumstantial." *State* v. *Nelson,* supra. The state had shown by direct and circumstantial evidence that the defendant's car was involved in an accident; that under § 14-107 of the General Statutes it was presumed that the car was then being operated by the defendant; that the defendant's car was seen leaving the accident scene; and that thereafter no report was filed with the police as required by the statute. The state made out a prima facie case; that is, the evidence indicated such a strong probability of guilt as to reasonably call for an explanation from the defendant. His failure to testify permitted the jury to draw an inference of guilt, which together with the prima facie case was sufficient to establish guilt beyond a reasonable doubt.

The court did not err in denying the motions for a directed verdict and judgment non obstante veredicto.

There is no error.

In this opinion PRUYN and DEARINGTON, Js., concurred.