## State of Connecticut *v.* Max Richter

### Appellate Division of the Circuit Court

File No. MV 5-13857

Argued September 28—decided November 23, 1964

*William V. Begg,* of Waterbury, for the appellant (defendant).

*David B. Cohen,* prosecuting attorney, for the appellee (state).

Pruyn, J. From his conviction of the crime of evading responsibility in violation of § 14-224 of the General Statutes[1] the defendant has appealed,

---

[1] "Sec. 14-224. EVADING RESPONSIBILITY IN OPERATION OF MOTOR VEHICLES. RACING. (a) Each person operating a motor vehicle who is knowingly involved in an accident which causes . . . damage to property shall at once stop and render such assistance as may be needed and shall give his name, address and operator's license and registration number to the . . . owner of the . . . damaged property, or to any officer or witness . . . , and if such operator . . . is unable to give his name, address and operator's license number and registration number . . . , such operator shall immediately report such . . . damage to property to a police officer, a constable, a state police officer or an inspector of motor vehicles or at the nearest police precinct or station . . . ."

assigning as error the court's refusal to correct the finding, certain of its conclusions, and the conclusion that upon all the evidence the defendant was guilty of the crime charged beyond a reasonable doubt. In view of this last assignment of error, we need not consider the other assignments, for we examine the entire evidence to determine whether the court could reasonably have come to its ultimate conclusion of guilt beyond a reasonable doubt, having regard to the finding only to ascertain the trial court's decision on conflicting evidence. *State* v. *Annunziato*, 145 Conn. 124, 135.

On April 4, 1964, at about 6 p.m., the defendant was operating his motor vehicle with four passengers in it southerly in the left lane on route 8 in Beacon Falls. At the same time and place, Richard Mahmood was operating his motor vehicle, also southerly, in the right lane, with four passengers in it. While the defendant was in the process of overtaking the Mahmood car, the two vehicles came in contact with each other. The defendant heard a noise and brought his car to a stop, and the Mahmood car also came to a stop to the rear of the defendant's car. There was damage to the front left door of the Mahmood car and a strip of chrome was torn off its left side. Both Mahmood and the defendant alighted from their cars and had a conversation which related to insurance, which party was at fault and calling the police. The defendant did not give his name or address to Mahmood or to any of the passengers in the latter's car, nor show to him or them his registration certificate or operator's license. Neither Mahmood nor any of his passengers knew the defendant or any of his passengers. Mahmood's wife wrote down the defendant's registration number. There was testimony, which the trial court must have believed, that both Mahmood and the defendant made no agreement

between themselves except that they would each call the police, and that Mahmood told the defendant to follow him to the next town for that purpose. Both cars then left the scene and continued to Beacon Falls, where Mahmood by telephone reported the incident to the state police, but the defendant, without stopping there, continued on and never communicated with Mahmood or the police.

Section 14-224 of the General Statutes, the pertinent provisions of which are quoted in the footnote, specifies four requirements necessary to sustain a conviction of the crime of evading responsibility: (1) operation of a motor vehicle, (2) knowledge by the operator of his involvement in an accident, (3) injury to a person other than the operator or damage to property caused by the accident, (4) failure by the operator to stop and give the specified information. See *State* v. *Herbst,* 2 Conn. Cir. Ct. 236; *State* v. *Humphrey,* 22 Conn. Sup. 317, 319, 1 Conn. Cir. Ct. 1, 3. In the case before us, we are concerned only with the failure of the defendant to give the required information. In *State* v. *Walsh,* 24 Conn. Sup. 374, 376, 1 Conn. Cir. Ct. 607, 609, we held that § 14-224 is "a positive, mandatory statute" and that "[a]n error in judgment or lack of intention is not an excuse for failure to follow the directives and mandates of the statute." The defendant claims that he was not at fault, and while there was conflicting evidence as to whether Mahmood or the defendant caused the accident, there is no merit to his argument. The statute is not concerned with fault or liability; it requires each operator, not only the one at fault but also the one innocent of blame, to comply with its provisions.

The weight and credibility of the evidence is for the trial court to determine and its conclusions, if reasonably reached, are final. *State* v. *Annunziato,* 145 Conn. 124, 135. We cannot say that on all the

evidence the trial court's conclusion that the defendant failed to comply with the statute and was therefore guilty as charged beyond a reasonable doubt was erroneous.

There is no error.

In this opinion KOSICKI and LEVINE, Js., concurred.

