STATE OF CONNECTICUT *v.* PETER R. GEREG

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 3-30879

Argued March 24—decided April 11, 1969

*David S. Grossman,* of Brookfield, for the appellant (defendant).

*John F. Spain,* assistant prosecuting attorney, for the appellee (state).

DiCENZO, J.   The defendant was found guilty of evading responsibility in violation of General Statutes § 14-224.  The only assignment of error in this appeal is that the trial court erred in concluding upon all the evidence that the defendant was guilty as charged beyond a reasonable doubt.   Section 14-224 of the General Statutes specifies four require-

ments to sustain a conviction of the crime of evading responsibility: (1) operation of a motor vehicle; (2) knowledge by the operator of his involvement in an accident; (3) injury to a person other than the operator or damage to property caused by the accident; and (4) failure by the operator to stop and give the specified information. *State v. Richter,* 3 Conn. Cir. Ct. 99, 101. The defendant contends that since no damage resulted to the complainant, it was error for the trial court to find a violation of the statute. In considering this assignment of error we examine the entire evidence. *State v. Pundy,* 147 Conn. 7, 8.

There is evidence which would support the finding of the following facts. On October 8, 1968, at about 5:30 p.m., the defendant was driving westerly on Silvermine Road in the town of Brookfield, and Mrs. Ballas was operating her motor vehicle in an easterly direction on the same road. Both automobiles were approaching a small bridge on this road. The bridge was of such narrow width that only one car at a time could cross it; therefore automobiles would take turns in crossing going easterly and westerly. As both operators approached the bridge from opposite directions, Mrs. Ballas started across, for it was her turn to go over. The defendant continued toward the bridge, and Mrs. Ballas quickly backed her car off the bridge and into the road. The defendant's left front bumper struck the right side of Mrs. Ballas' automobile. The bumper and fender of Mrs. Ballas' automobile were damaged. There were paint marks on the bumper and fender of her car also. After the impact, Mrs. Ballas backed up to the defendant's truck, rolled down her window and said to the defendant, "What the heck's the matter with you?" The defendant responded, "You know, lady, there's only room for one car on this bridge," and then drove away. It was a clear day, and a pas-

senger in Mrs. Ballas' car took the registration number of the truck. At the time of the trial, the money value of the damage done had not been appraised. The impact causing the damage made a very loud noise.

We are of the opinion that all of the essential elements needed to support a conviction under § 14-224, as set forth in *State* v. *Richter,* supra, were present. The only authority advanced by the defendant in support of his position in this appeal is *State* v. *Humphrey,* 22 Conn. Sup. 317, 320, 1 Conn. Cir. Ct. 1, 4. An examination of that case discloses a different set of facts. In the *Humphrey* case the court said, with reference to damage done: "As to damage to the Garrity car, the only evidence was that the side of the defendant's car struck the rear bumper and taillight of the Garrity car a glancing blow and must have hit the rear end because there was paint on the rear end; there was no evidence that the taillight, bumper or rear end were damaged nor that the paint was from the defendant's car, nor anything in the testimony from which any damage to the Garrity car could be reasonably inferred. The state failed to prove beyond a reasonable doubt the guilt of the defendant."

In the instant case there is direct testimony that the bumper and fender of Mrs. Ballas' car were damaged. "Whether the damage is slight or great is immaterial, so long as there has been damage." *State* v. *Herbst,* 2 Conn. Cir. Ct. 236, 238.

There is no error.

In this opinion DEARINGTON and JACOBS, Js., concurred.