The information charged the defendant with violation of the policy statute, General Statutes § 53-298. After a trial during which the defendant neither took the stand nor offered any evidence in his own behalf, the court entered a judgment of guilty. The defendant then filed an appeal, stating therein that he desired to have reviewed the court's conclusion upon the facts. Cir. Ct. Rule 7.21.1. Pursuant to that rule and to Circuit Court Rule 7.22.1, the court made a finding, setting forth the subordinate facts found and the conclusions drawn from those facts. The defendant has assigned error in the refusal of the court to correct the subordinate facts found; in rulings on evidence; in the court's conclusions drawn from the subordinate facts; and in the court's conclusion that upon all the evidence the defendant was guilty of the crime charged.
The principal facts set forth in the finding are the following: During the forenoon, on both January 4, 1961, and January 5, 1961, the defendant was on Windsor Street in Hartford, in the vicinity of a hallway entrance to 285 Windsor Street. On January 5, 1961, between 10:45 a.m. and 11:45 a.m., he talked with several people on Windsor Street, and after talking with them, he went into the hallway. This conduct occurred on four or five different occasions. On January 5, 1961, at about 11:45 a.m., *Page 438 
the defendant entered the hallway, put his hand in one of three mailboxes that were there, and then went out to the street. Immediately thereafter, members of the Hartford police department went to the mailboxes and found in two of them policy slips that showed bets totaling $23.20. These slips were under wine bottle caps. The defendant stated to one of the officers that he, the defendant, had transferred a wine bottle cap from one of the mailboxes to another.
In addition to the foregoing facts, the court found that one of the officers could see more clearly in the hallway because he had a telescopic or binocular glass, and also that, while the hallway was under observation, the defendant was the only person to enter or leave, except on one occasion when another person accompanied the defendant. The defendant filed a motion that the court delete both of these findings. In denying the motion, the court stated that these findings were supported "by other evidence and inferences logically drawn therefrom." The transcript of the testimony, which we examine in connection with a motion to correct the finding (Cir.Ct. Rule 7.26.1), fully confirms this statement of the court.
The defendant sought to have the finding corrected by adding a finding that it was "possible" for persons other than the defendant to come into the hallway unobserved. The trial court properly refused to make the requested finding. "Statements of circumstances which may possibly or perhaps have happened have no place in a finding." Williamson'sAppeal, 123 Conn. 424, 432; General PetroleumProducts, Inc. v. Merchants Trust Co.,115 Conn. 50, 58.
The defendant also sought to have added a finding that there was "no evidence" as to the length of *Page 439 
time the slips were in the mailbox. Requesting a finding that there is "no evidence" concerning a subordinate fact found is unnecessary, because the "no evidence" issue can be raised by assigning error in the court's ruling on a motion to delete the challenged subordinate fact found. Cir. Ct. Rule 7.29.1(2). Requesting a finding that there is "no evidence" concerning a subordinate fact not found is also unnecessary, because if that fact is essential to the conclusion, the appellant can attack the conclusion on the ground that the fact was not found. Tiernan
v. Savin Rock Realty Co., 115 Conn. 473, 476. If the fact about which there is claimed to be "no evidence" is not essential to the conclusion, the weight to be given to the "no evidence" about that fact is a decision for the trial court, not the appellate court. There are, of course, cases where a "no evidence" finding will make clearer the reason for the court's decision (Sprague v. New York N.E.R. Co.,68 Conn. 345, 356), but error may not be predicated on the refusal of the court to make such a finding. The motions to correct the finding were properly denied.
The assignment of error relating to the admission of evidence is presented by a mere reference to "admissions" of the defendant, rather than in the manner called for by the Circuit Court Rule 7.29.1(4). In the absence of an exhibit setting forth the question and answer, we lack the material necessary to determine what the ruling was and, a fortiori, to decide whether it was correct.
After having set forth the subordinate facts summarized above, the trial court found, as a preliminary conclusion, that the defendant "exchanges, transfers, collects or receives, or is concerned in transferring or receiving policy slips used in policy playing." We must read this conclusion as if the word "or" appeared between each of the verbs in *Page 440 
the series. State v. Bello, 133 Conn. 600, 604. As thus read, the court's preliminary conclusion does not specify which offense the court concluded that the defendant had committed. Instead, the court's conclusion states, in effect, only that the accused had committed one or more of several offenses. The court should have set forth explicitly in the conclusion that the defendant committed a specific offense or specific offenses. The facts in a finding, including the facts in the conclusion, should be stated definitely and precisely, not in uncertain or disjunctive language. Maltbie, Conn. App. Proc. § 134, p. 165.
This defect in the court's preliminary conclusion does not, however, require a reversal of the judgment. If a part of a preliminary conclusion is valid and that part supports the judgment, the judgment will be sustained. Id. § 165, p. 204. A preliminary conclusion is valid if it is supported by the subordinate facts and represents a correct application of legal principles. Bridgeport Hydraulic Co. v. Scortino,138 Conn. 690, 692. Because any one of the offenses enumerated in the preliminary conclusion would support the ultimate conclusion and judgment of guilt, that ultimate conclusion and judgment must be sustained if any one of the offenses enumerated in the preliminary conclusion finds support in the subordinate facts. Bielan v. Bielan,135 Conn. 163, 170.
In our opinion, the subordinate facts support the conclusion that the accused was collecting policy slips. The "commonly approved usage" (General Statutes § 1-1) of the word "collect" includes "to gather into one place." Merriam-Webster New International Dictionary (2d Ed.). From the subordinate facts, and inferences that could logically be drawn therefrom, it appears that the accused followed a behavior pattern that involved being at a *Page 441 
given location on a public street, at a given time, for an extended period of time and, also, involved street conversations followed by entrance into the hallway where the mailboxes were. It further appears that the accused placed his hand in one of the mailboxes in which the policy slips were found. The failure of the accused to testify about matters "necessarily within the knowledge of the accused" (State v. Guilfoyle, 109 Conn. 124, 144) creates a strong inference that he put a policy slip or slips in the mailbox when he placed his hand therein. Gathering slips in the mailboxes constituted "collecting" slips within the meaning of the statute. Whether the accused placed the slips in the mailbox for someone else to pick up or merely to divest himself of them temporarily is immaterial. By placing the slips in the mailbox, he was committing an act that the statute proscribed. The valid preliminary conclusion that the accused collected policy slips is sufficient basis for the ultimate finding of guilt beyond a reasonable doubt and makes it unnecessary for us to consider the other offenses set forth in the preliminary conclusion.
Because the defendant requested a finding (Cir. Ct. Rule 7.21.1) and assigned error under Circuit Court Rule 7.29.1(3), we have tested the conclusions by the subordinate facts found. The defendant, however, also assigned error under Circuit Court Rule 7.29.1(6), which requires testing the ultimate conclusion by the entire testimony rather than by the subordinate facts found. Because of the comprehensive scope of the latter assignment of error, it may appear that it was unnecessary for us to consider in detail the assignment of error relating to the subordinate facts and the conclusion based thereon. We have done so, however, because it is our opinion that where there is a finding requested and made, the facts found by the court are *Page 442 
the only facts in the case by which the conclusion of the court can be tested, even though error is also assigned under Circuit Court Rule 7.29.1(6) and even though an independent examination of the evidence might, in the absence of a finding, tend to support the ultimate conclusion of guilt. If the conclusion reached by the court on the subordinate facts is unsupported by those facts, then the finding of guilt would lack support and would be erroneous; such a finding could not be sustained by a mere examination of the evidence, because that procedure would necessitate an independent finding of facts by this court, a function that is outside the jurisdiction of this court. General Statutes § 51-265.
Accordingly, if error is assigned under Circuit Court Rule 7.29.1(3), and if the subordinate facts do not support the ultimate conclusion, the evidence will not be examined for the purpose of sustaining the judgment, even though error is assigned under Circuit Court Rule 7.29.1(6). If there is no error in the subordinate facts and the conclusions drawn therefrom, and if error is assigned under Circuit Court Rule 7.29.1(6), we examine the evidence solely for the purpose of ascertaining whether the court was in error in "concluding upon all the evidence that the defendant was guilty of the crime charged beyond a reasonable doubt." In making this examination, we do not evaluate the evidence but simply determine, as a question of law and not as an issue of fact, whether there is evidence to support the ultimate conclusion of guilt. In the instant case, the subordinate facts support the conclusion that the defendant was collecting policy slips, and the evidence supports the ultimate conclusion of guilt.
 There is no error.
In this opinion CICALA and KOSICKI, Js., concurred.