STATE OF CONNECTICUT *v.* FRANK M. KILPATRICK

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 13-1003

Argued March 30—decided June 8, 1962

*Armand A. Korzenik,* of Hartford, for the appellant (defendant).

*Joseph Asbel,* prosecuting attorney, for the appellee (state).

DEARINGTON, J.   The defendant has appealed from a conviction of speeding (General Statutes § 14-219), stating he desires to have reviewed the court's conclusion on the facts.  Cir. Ct. Rule 7.21.1. Pursuant to Rule 7.22.1, the court made a finding, and the defendant has assigned error in the denial of his motion to correct the finding.

The finding sets forth the following essential facts:  On July 12, 1961, at about 4:55 p.m., the defendant, while operating his 1961 Ford in the town of Windsor, entered route 91 and proceeded in a southerly direction.  It was daylight, the weather clear, the road dry and the traffic medium.  Route 91 runs in a general north and south direction and is a four-lane highway.  When the defendant came off the ramp and entered on route 91, he swung into the left lane and "stepped on it to get out and get by and get back in again." A state police trooper in the rear of the defendant followed him from the Kennedy overpass for a distance of six-tenths of a mile, during which time the defendant passed four southbound cars and was clocked at seventy to seventy-four miles per hour.  The posted speed limit for vehicles on route 91 in this area was fifty-five miles an hour.  The defendant admitted to the officer that he was proceeding at seventy miles per hour.

The defendant moved to correct the finding in certain respects.  The finding of the facts sought

would not directly affect the ultimate facts upon which the judgment depends. No useful purpose would therefore be served by correcting the finding as requested. *Beach* v. *First National Bank,* 107 Conn. 1, 4. To add more detail is unimportant, for if the additions were made they would not affect the result. *Bent* v. *Torell,* 139 Conn. 744, 748.

The defendant further requested the court to add to its finding the following: There was no evidence of excessive speed before and after passing the other vehicles; the only evidence concerning speed in excess of the posted limit occurred in the course of passing; after passing, the defendant returned to the right-hand lane; there was no evidence that his speed thereafter was not reasonable. The action of the court in denying this request was proper. We held in *State* v. *Plant,* 22 Conn. Sup. 436, 439, that "[r]equesting a finding that there is 'no evidence' concerning a subordinate fact not found is . . . unnecessary, because if that fact is essential to the conclusion, the appellant can attack the conclusion on the ground that the fact was not found. . . . If the fact about which there is claimed to be 'no evidence' is not essential to the conclusion, the weight to be given to the 'no evidence' about that fact is a decision for the trial court, not the appellate court." See *Tiernan* v. *Savin Rock Realty Co.,* 115 Conn. 473, 476.

In his second assignment of errors, the defendant attacks the conclusions reached by the court. The conclusions which the court has reached are to be tested by the facts found and must stand unless they are legally or logically inconsistent with those facts or unless they involve the application of some erroneous rule of law material to the case. *Monick* v. *Greenwich,* 144 Conn. 608, 611. The conclusions of the court as to the posted speed limit, the speed of the defendant's car and the unreasonableness of

such speed are conclusions which could reasonably and logically be drawn from the subordinate facts and cannot be disturbed.

In his third assignment of error, the defendant seeks to correct the finding in respect to a claim of law which he alleges was made during his summation argument and not after judgment, as found by the court. In short, the defendant seeks to correct the sequence. We cannot determine the precise sequence, since the argument of counsel is not a part of the record. Under our practice, arguments are seldom taken down by the reporter. Hence, it is well, if counsel deems the matter serious, to request the court to note or have the reporter make immediate note of it. See Maltbie, Conn. App. Proc. §§ 69, 283. Since the point of law the defendant claims to have raised, whether before or after the court's judgment, is considered hereinafter, no good purpose would be served in further considering this assignment of error.

In his fourth assignment, the defendant claims error in the court's rejecting his claim of law that passing at a speed in excess of the posted speed limit and then returning to the right-hand lane are sufficient to rebut the statutory presumption. Our statute proscribing unreasonable speed does not in terms contain any distinction between an act of passing other cars proceeding in the same direction and operation not involving such an act of passing. Such a situation is one of the circumstances for the trier to consider in determining the reasonableness of speed.

The fifth assignment seeks to add to the finding that the court treated the statute as it relates to presumptive evidence as shifting the burden of persuasion from the prosecution to the defense. Section 14-219 provides in part: "Any speed in excess

of such limits [as are determined by the state traffic commission] shall be prima facie evidence that such speed is not reasonable . . . ." It is true that this statute makes proof of certain facts prima facie evidence of other facts essential to the crime. *Mott's Super Markets, Inc.* v. *Frassinelli,* 148 Conn. 481, 489. However, the fact to be inferred or presumed from such evidence is not conclusive, and the ultimate burden of persuasion upon all the facts still remains upon the state. *State* v. *Gargano,* 99 Conn. 103, 108. It does, however, cast upon the defendant the burden of going forward with evidence that such speed was reasonable and proper. *Radwick* v. *Goldstein,* 90 Conn. 701, 707. In the instant case, the court stated that the "facts raised a prima facie factor" which was rebuttable. The defendant's claim is without merit.

In his sixth assignment of error, the defendant claims error under Circuit Court Rule 7.29.1 (6), which requires testing the ultimate conclusion of guilt by the entire testimony rather than by the subordinate facts found. For this purpose we have examined the evidence to determine whether the court was in error in "concluding upon all the evidence that the defendant was guilty of the crime charged beyond a reasonable doubt." In making such an examination, we do not evaluate the evidence except to determine, as a question of law and not as an issue of fact, whether there is evidence which, if credited, would support the ultimate conclusion of guilt. *State* v. *Plant,* 22 Conn. Sup. 436, 442. In the instant case, the evidence supports the ultimate conclusion of guilt beyond a reasonable doubt.

But one other phase calls for comment. In his argument, the defendant asserts that the posted speed limit in the area in question was later increased by the traffic control commission from fifty-

five miles per hour to sixty miles per hour, and asks us to take judicial notice of the change. This court in this instance cannot take judicial notice of a fact not in evidence and which obviously was nonexistent at the time of trial. See Maltbie, Conn. App. Proc. § 312.

There is no error.

In this opinion KOSICKI and KINMONTH, Js., concurred.