STATE OF CONNECTICUT *v.* JOSEPH F. BENAVIDES

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 13-992

Argued June 21—decided September 10, 1962

*James C. Parakilas,* of Thompsonville, for the appellant (defendant).

*Seymour A. Rothenberg,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendant has appealed from a conviction of speeding (General Statutes § 14-219), stating that he desires to have reviewed the court's conclusion upon the facts. Cir. Ct. Rule 7.21.1. Pursuant to Rule 7.22.1, the court made a finding. The defendant has assigned error in the denial of his motion to correct the finding, in the court's conclusion that upon all the evidence the defendant was guilty beyond a reasonable doubt, and in the denial of his motion to dismiss. The claim that the court erred in denying the defendant's motion to dismiss will not be considered, since the denial of such a motion is not properly assignable as error. *State* v. *Smith,* 149 Conn. 487, 488; *State* v. *Murphy,* 124 Conn. 554, 567.

The principal facts set forth in the finding are the following: On July 9, 1961, at about 6:30 p.m., the defendant was operating a 1961 Corvair automobile in a northerly direction on route 10, a public highway, in the town of Simsbury. Traffic was light and the road dry. The posted speed limit was forty miles an hour. The defendant was clocked for a distance of half a mile at speeds of sixty to sixty-five miles per hour. The road was approximately

twenty feet wide with several curves, but no crossings or intersections, in the clocking distance. The speedometer in the state trooper's cruiser was calibrated sometime in March, 1961.

The court denied the defendant's motion to delete the finding as to the posted speed limit and the calibration of the speedometer in the trooper's cruiser. The trooper testified as to the posted speed limit and that his speedometer had been calibrated. There was no evidence offered to contradict either of the statements. Since this finding has reasonable support in the evidence, the corrections sought cannot be made. Maltbie, Conn. App. Proc. § 156.

The subordinate facts found sustain the conclusion that the defendant was guilty of the crime charged.

The defendant further assigns error in the conclusion of the court that upon all the evidence he was guilty beyond a reasonable doubt. Cir. Ct. Rule 7.29.1 (6). This assignment requires the testing of the ultimate conclusion by the entire testimony rather than by the subordinate facts found. In making such an examination, we do not evaluate the evidence but simply determine, as a question of law and not as an issue of fact, whether there is evidence to support the ultimate conclusion of guilt. *State* v. *Plant,* 22 Conn. Sup. 436, 442. The evidence supports the ultimate conclusion of the defendant's guilt beyond a reasonable doubt.

There is no error.

In this opinion PRUYN and DEARINGTON, Js., concurred.