FRANK CURRIVAN ET AL. *v.* RALPH INFANTI, SR., EXECUTOR (ESTATE OF JAMES BOND)

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-6110-1510

Argued April 8—decided June 24, 1963

*Joseph Tooher, Jr.,* of Stamford, for the appellant (defendant).

*John J. Maher,* of Greenwich, for the appellee (plaintiff).

PER CURIAM. The plaintiff brought suit in two counts for damages against the defendant, under a contract of sale of a septic tank installation business. The defendant answered and also filed a counterclaim. The court rendered judgment for the plaintiff on the first count of the complaint and on the counterclaim, and for the defendant on the second count. The cause of action contained in the first count of the complaint was referred to arbitration, and judgment was rendered by the court for the plaintiff in accordance with the arbitrator's award. The defendant has appealed, citing as error only the denial of his motion to correct the finding by adding thirty-two paragraphs.

Circuit Court Rule 7.26.1 sets out the bases on which facts in a finding may be corrected by the appellate panel. With respect to the findings which the defendant seeks to add, we examine the evidence under Circuit Court Rule 7.26.1. None of the corrections can be made. Some of the facts which the defendant seeks to add were neither admitted nor undisputed, and the remainder of the corrections sought are immaterial and irrelevant and could not affect the conclusions of the court. Some of the paragraphs the defendant seeks to add relate to the arbitration award on the first count of the complaint. Although the file contains a stay of proceedings pursuant to § 52-409 of the General Statutes, it does not contain an order directing the arbitration. The record does indicate that the matter was referred to arbitration, since it contains an award of an arbitrator which was confirmed by the court. The defendant did not move to vacate or correct the award in accordance with chapter 909 of the General Statutes, entitled "Arbitration Proceedings." Even were the proceedings with respect to the plaintiff's first count considered a reference, there would, since the defendant failed to comply

with §§ 165 through 179 of the Practice Book, relating to "References," be no error in the denial of the portion of the motion to correct the finding concerned with the arbitrator's award.

One of the requested corrections of the finding is that there was "no evidence" of a certain fact. "[E]rror may not be predicated on the refusal of the court to make such a finding [no evidence]." *State* v. *Plant,* 22 Conn. Sup. 436, 439.

Since no corrections in the finding have been allowed, the conclusions must stand. "The conclusions . . . must be tested by the facts as found and must stand unless they are legally or logically inconsistent with those facts or unless they involve the application of some erroneous rule of law material to the case." *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 692; *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655.

There is no error.

DEARINGTON, KINMONTH and LEVINE, Js., participated in this decision.