STATE OF CONNECTICUT v. CARL BENSON

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 8-16287

Argued December 4, 1967—decided April 19, 1968

*Robert C. Flanagan,* of New Haven, for the appellant (defendant).

*Jerome A. Lacobelle,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant was convicted of the crimes of negligent homicide; General Statutes § 14-218; and evading responsibility; § 14-224; and has appealed, assigning error in the denial of his motion to add an additional conclusion and, further, in the conclusion reached by the trial court that on all the evidence he was guilty of the offenses charged beyond a reasonable doubt. The defendant offered no evidence in his own behalf. It was stipulated that Nicholas Caruso, age ten, was struck by an automobile on December 14, 1966, on Hemingway Avenue in the town of East Haven and died as a

result, and that he was four feet eleven inches in height.

Before reviewing the defendant's principal claim, we first consider the denial of his motion to add a further conclusion to the finding to the effect that no negligence was shown to exist prior to the collision. In assigning error relating to conclusions reached by the court, the nature of this court's review must be borne in mind. When the facts found are not successfully attacked, the only questions are whether the facts support the conclusions, whether the conclusions are vitiated by an erroneous application of the law, and whether they are unreasonably drawn from the facts found. A conclusion is not reviewable on the basis of the evidence nor by seeking to strike it out or change its form. *Palumbo* v. *Fuller Co.*, 99 Conn. 353, 356; Maltbie, Conn. App. Proc. §§ 165, 166, 171.

In disposing of the principal ground of appeal, that is, that the evidence does not establish the guilt of the defendant on each count beyond a reasonable doubt, we look beyond the finding to the evidence. Only one correction was sought in the finding, relating to the time the police received a call from the defendant, and the correction was properly denied. The evidence is adequately reflected in the finding, which discloses the following: On December 19, 1966, Nicholas Caruso, aged ten and four feet eleven inches in height, was struck and killed by an automobile on Hemingway Avenue in East Haven. At approximately 4:45 p.m., an officer of the town police department arrived at the scene and found the boy lying in the northbound lane of Hemingway Avenue and a boy's shoe on the highway some 200 feet northerly from where the boy was found. The boy was alive at that time but died shortly thereafter. At the time it was dusk, and a

drizzling rain was falling; the boy wore dark clothes and the street lighting conditions were poor. There were no witnesses to the accident. The posted speed limit in this area is thirty-five miles per hour. The defendant was operating a 1963 Chevrolet Bel Air in a northerly direction on Hemingway Avenue at approximately 4:45 p.m. at a speed of between twenty-five and thirty miles per hour. His headlights were on and his windshield wipers in operation. At 5 p.m., the defendant told a witness he thought he had hit a dog on Hemingway Avenue in the vicinity of Paul's Bakery (located in the area where the boy had been struck) and had not stopped to investigate. He had continued to drive his vehicle, and from the point where he knew he had struck an object to the point where he stopped and mentioned the occurrence to a witness the distance was some 600 feet. At the time, he was advised to call the police and report the incident, and he later went to police headquarters, arriving there between 5:10 and 5:15 p.m. An examination of the defendant's vehicle at police headquarters revealed that there had been an impact to the center of the grill, two feet five inches from ground level. Hair was found under the clamp that holds the tail pipe in place, and hair was also found on the right rear bumper bracket. This hair was determined to be that of the decedent. A patch of cloth was also found on the tail pipe which matched the clothing worn by the decedent.

The court concluded that on the charge of negligent homicide the defendant was guilty in that he knowingly struck what he thought to be a live object and continued his operation without stopping. The court also concluded that the injuries suffered by the boy as a result of being dragged several hundred feet caused his death and that under the prevailing conditions "refusing to stop was negligence." It also

concluded that the defendant was guilty of evading responsibility in that having knowingly been involved in an accident he did not at once stop and render such assistance as might be necessary.

We first consider the finding of guilt as it applies to the second count. The defendant argues that there was conflicting evidence as to the precise time he called police headquarters and therefore a reasonable doubt exists as to whether there was a noncompliance with the statutory requirements. But the trial court resolved the question of guilt other than on the call made to police headquarters. Section 14-224 (a) provides in part that "[e]ach person operating a motor vehicle who is knowingly involved in an accident which causes injury, whether or not resulting in death, to any other person . . . shall at once stop and render such assistance as may be needed." We need only consider whether the defendant complied with the requirements recited. The defendant admitted to witnesses that he had struck an object which he thought might have been a dog and had not stopped. Such evidence, uncontradicted and unexplained, left the court with no alternative other than to find that guilt had been established beyond a reasonable doubt. *State* v. *Richardson,* 23 Conn. Sup. 284, 287, 1 Conn. Cir. Ct. 199, 202; *State* v. *Walsh,* 24 Conn. Sup. 374, 376, 1 Conn. Cir. Ct. 607, 609; *State* v. *Herbst,* 2 Conn. Cir. Ct. 236, 238.

In the remaining assignment of error, which relates to the first count, the defendant contends that the evidence does not support the court's finding of guilt beyond a reasonable doubt. Section 14-218 provides: "Any person who, in consequence of the negligent operation of a motor vehicle upon the highways of this state, causes the loss of any human life" shall be punished. The crime consists of three elements (1) death of a human being (2) by the in-

strumentality of a motor vehicle (3) operated by one in a negligent manner. *State* v. *Berkowitz,* 24 Conn. Sup. 112, 116, 1 Conn. Cir. Ct. 439, 443. The evidence establishes clearly that the death of the decedent was caused by the defendant's vehicle. The bothersome questions raised here relate not only to whether the operation by the defendant was negligent but to whether such negligence caused the loss of a life. The defendant argues that no evidence of negligence was shown prior to or contemporaneously with the initial impact, and thereafter if negligence came into operation it was not shown to have been the cause of death.

To constitute a violation of this statute it is not enough to show negligence unless it also be shown that such negligence was the cause of death. "[T]he unlawful act relied upon must have been the proximate cause of death, and if death results from any other cause, or there is reasonable doubt as to the unlawful act being the proximate cause of death, there can be no conviction." 7 Am. Jur. 2d 839, Automobiles and Highway Traffic, § 293. If the negligence shown is so inconsequential or remote from the injuries causing death as to be mere "incidents of the operating cause," the state has failed to meet its burden of proof on this element; see *Mahoney* v. *Beatman,* 110 Conn. 184, 195; that is, as was said in *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 116, the defendant's negligent conduct "must have been of such a character and so related to the result as to entitle it to be considered an efficient or proximate cause of it." See *Grzys* v. *Connecticut Co.,* 123 Conn. 605, 609, where instructions to a jury were held proper in that mere failure to stop or assist (it having been alleged that death resulted from a collision of two vehicles) could not constitute actionable negligence, since the conduct referred to was subsequent to the impact.

It therefore becomes important to examine the subordinate facts for the purpose of determining, if possible, at what point in the sequence of events the injuries occurred which could be reasonably said to have caused death and whether at that point the negligent conduct relied upon had come into operation. In so doing, it is unnecessary to examine all of the evidence unless it be first concluded that the subordinate facts support the ultimate conclusion. *State* v. *Plant,* 22 Conn. Sup. 436, 442, 1 Conn. Cir. Ct. 76, 82. The court concluded that the negligence of the defendant came into operation after the decedent was struck, in that "the defendant was negligent in his operation in that knowingly striking what he thought to be a live object, the defendant continued the operation of his automobile." The court further concluded that death was caused by the dragging of the decedent under the defendant's vehicle. Thus, the court reasoned that both the negligent conduct and the injuries causing death occurred subsequent to the initial impact.

"The court was entitled to draw all fair and reasonable inferences from the facts established by the evidence, but the conclusions based on them must not be the result of speculation and conjecture." *State* v. *DeCoster,* 147 Conn. 502, 504. The state assumed the burden of proving that the defendant's negligent operation of his motor vehicle caused the death of a human life. The latter element could not be satisfied unless it be shown that the negligent conduct was the efficient cause of death. *Nehring* v. *Connecticut Co.,* supra. "The state must prove guilt beyond a reasonable doubt, that is, by such proof as precludes every reasonable hypothesis except that which it tends to support. It is proof wholly consistent with the defendant's guilt and inconsistent with any other rational conclusion. *State*

v. *McDonough*, 129 Conn. 483, 485 . . . . Our law is settled that the proof of guilt must exclude, not every possible, but every reasonable supposition of the innocence of the accused. *State* v. *Guilfoyle*, 109 Conn. 124, 139 . . . ." *State* v. *DeCoster*, supra, 505; *State* v. *Foord*, 142 Conn. 285, 295. There were no facts in the finding which related in any way to the type or nature of the decedent's injuries or which would tend to establish a relationship between the negligent conduct relied upon and the cause of death. In the absence of any evidence on this issue, any conclusion as to which act of the defendant caused death, that is, the initial impact or the failure to stop after impact, would be speculative. If the initial impact caused death there could be no conviction, for the court found negligence had not come into operation at that point in the sequence of events. The conclusion of the trial court relating to the conduct of the defendant which caused death was in the realm of speculation and conjecture and therefore unwarranted.

There is no error as to the second count; there is error as to the first count; the case is remanded with direction to modify the judgment as to the first count to adjudge the defendant not guilty on the first count.

In this opinion WISE and MACDONALD, Js., concurred.