## State of Connecticut *v.* Anonymous (1971-3)

### Appellate Division of the Circuit Court

DEARINGTON, J. Following a trial to the jury, the defendant was found guilty of the crime of negligent homicide and has taken this appeal from the judgment rendered on the verdict. In his appeal he has assigned five errors: (1) The court erred in refusing to correct the finding. (2) The court failed to set aside the verdict because it was not supported by the evidence and was based on speculation and conjecture. (3) The court erred in refusing to permit interrogatories to be submitted to the jury. (4) The court erred in refusing to charge the jury as requested. (5) The court erred in its charge in that it was inadequate in respect to the question of causation of death and failed to eliminate the issue of negligence from conjecture and speculation.

Since the assignment of error directed to the finding has not been briefed, we treat it as having been

abandoned. *State* v. *Jones,* 124 Conn. 664, 665. We first consider the denial of the motion to set aside the verdict. On the question whether the evidence was sufficient beyond a reasonable doubt to sustain the conviction or whether the verdict was based on speculation and conjecture, we review the evidence as set forth in the transcript. Practice Book § 960.

There was evidence from which the jury could reasonably find the following facts: Following a stag party the accused and the deceased were returning home in a 1961 Chevrolet sedan owned by the accused. The vehicle was involved in a one-car accident. In the area of the accident, highway construction was in progress, and the evidence indicated that the vehicle left the highway and traveled some 148 feet, struck a power company stanchion and continued on a distance of 79 feet, striking a huge concrete block located some thirteen feet westerly of the traveled portion of the highway. The accident resulted in extensive damage to the vehicle. The front of the car was pushed in to the extent that the front fire wall and dash were jammed into the right front seat and the right door was pushed in and had to be pried open. The battery of the vehicle was found smashed approximately forty feet from the vehicle, and the right front wheel, with its inflated tire attached, was found ten feet southeasterly of the vehicle. The vehicle came to rest facing northerly in the southbound lane.

There were no witnesses to the accident. When the police arrived a few minutes after the accident, the body of the deceased was found in the left-hand side of the rear seat, his back against the back of the rear seat and his legs extended over the rear of the front right seat. No blood was observed on his body or clothes, although on the removal of his body a trickle of blood came from the nose. The left front

door was open and the accused was found on the highway a few feet from the left front door in an unconscious condition.

In our treatment of the assignment of errors, it is unnecessary to consider other material evidence, both circumstantial and direct, including reasonable inferences which might be drawn by the jury. The accused denied that he was operating the vehicle, and much of the unreviewed evidence is related to operation and negligence, two of the elements required for conviction under the provisions of § 14-218 of the General Statutes.[1] The remaining statutory element is the loss of a human life caused by the negligent operation of the motor vehicle. See *State* v. *Goetz,* 83 Conn. 437, 441; *State* v. *Campbell,* 82 Conn. 671, 677; *State* v. *Benson,* 5 Conn. Cir. Ct. 316, 320; *State* v. *Berkowitz,* 24 Conn. Sup. 112, 116, 1 Conn. Cir. Ct. 439, 443. The principal contention of the accused in his brief and argument as well as in his motion for a directed verdict and his motion to set aside the verdict is predicated upon a claim that the state failed to prove that the death was caused by the negligent operation of the vehicle even if the jury concluded that the accused was the operator.

The state's burden on this element was to satisfy the jury beyond a reasonable doubt that the negligent conduct of the operator—if it is assumed, without finding, that the jury could reasonably conclude that the accused was the operator—was the independent and efficient cause of the death. *State* v. *Alterio,* 154 Conn. 23, 30. If that requisite causal connection was not so established, there could be no conviction. It is true, as the state argues, that

---

[1] "Sec. 14-218. NEGLIGENT HOMICIDE. Any person who, in consequence of the negligent operation of a motor vehicle upon the highways of this state, causes the loss of any human life shall be fined not more than five hundred dollars or imprisoned not more than six months or both."

the jury were entitled to draw reasonable inferences, but inferences so drawn must be based on the facts proved and must be reasonable and logical, and the conclusions based on them must not be the result of speculation and conjecture. *Palmieri* v. *Macero*, 146 Conn. 705, 708. There was no evidence offered as to the cause of death, either by way of a death certificate or otherwise. For the significance of a death certificate, see *Branford Trust Co.* v. *Prudential Ins. Co.*, 102 Conn. 481, 486. It is apparent on the record that such evidence was available to the state. While the evidence strongly suggests that death may have resulted from the accident, the actual determination of the cause remains subject to conjecture. The state argues that it is more probable than not that death resulted from the accident and consequently there was a sufficient basis on which the jury could establish the cause of death. Such an argument must fail since it is based on mere suspicion and conjecture and not on facts sufficient to justify the jury in finding this element proven beyond a reasonable doubt. "[T]he unlawful act relied upon must have been the proximate cause of death, and if death results from any other cause, or there is reasonable doubt as to the unlawful act being the proximate cause of death, there can be no conviction." 7 Am. Jur. 2d 839, Automobiles and Highway Traffic, § 293. The deceased could have died prior to the accident of a heart attack or otherwise. The evidence offered by the state was too conjectural reasonably to establish the cause of death and, therefore, did not warrant a verdict against the accused. The motion to set aside the verdict should have been granted.

As this determination is dispositive of the assignment of error adversely to the state, the remaining assignments of error, with one exception, require no further consideration. The accused has raised a

question, relating to interrogatories, which may recur at a subsequent trial. His request that certain interrogatories be propounded to the jury was denied, and the ruling is assigned as error. The submission of interrogatories to a jury in the trial of a civil case has been a part of our practice for many years, at least since 1909. *Freedman* v. *New York, N.H. & H.R. Co.*, 81 Conn. 601, 611. While it does not appear that in Connecticut express legislation has regulated or authorized the submission of interrogatories to juries; ibid.; the practice is provided for by § 247 of our Practice Book. Section 247 makes no reference to the trial of criminal cases, but it is apparent from the context that interrogatories were intended to be used only in the trial of civil cases. It is significant that in briefs no cases have been cited, and we have found no reported criminal case in this state, in which interrogatories were used. This fact is strongly persuasive that the practice is not appropriate in criminal jury trials. It is the duty of a jury to return a general verdict in a criminal trial. *State* v. *Gannon*, 75 Conn. 206, 230. Any limitation upon the right of the jury to find a general verdict in a criminal case is against the policy of the law and would impair the right of trial by jury secured by the constitution. *People* v. *Tessmer*, 171 Mich. 522, 529; *State* v. *Boggs*, 87 W. Va. 738, 749. Interrogatories are not permitted for the reason that their application would constitute an impairment of the right to a trial by jury. 53 Am. Jur., Trial, § 1006. The ruling of the court was correct.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion KINMONTH and DICENZO, Js., concurred.