The defendant was convicted in a trial to the jury on a charge of negligent homicide with a motor vehicle. General Statutes53a-58a.[1] The defendant was charged with having caused the death of Eric Spencer by a motor vehicle on December 12, 1975, in the town of East Hampton.
The sole assignment of error is directed to the charge given by the court on the issue of negligence and the refusal of the court to charge as requested by the defendant. In essence the court charged that the state was obligated to prove that the defendant was guilty of "simple negligence," while the defendant requested that the court charge on "culpable negligence."[2]
That request was denied.
The defendant contends that because of the adoption of the Penal Code, title 53a of the General Statutes, which became effective on October 1, 1971, and the repeal of 14-218 of the General Statutes (negligent homicide), the state has the burden of proving that the defendant was criminally negligent, *Page 521 
and, in support of this contention, he cites the definition of "criminal negligence" in 53a-3 (14) of the General Statutes. This argument is without merit. The legislature enacted 53a-57 (misconduct with a motor vehicle), a class D felony, as part of the Penal Code. That statute provides that "[a] person is guilty of misconduct with a motor vehicle when, with criminal negligence in the operation of a motor vehicle . . . he causes the death of another person. . . ." At this same time 14-218 was repealed. In 1973, however, the legislature enacted 53a-58a, a class B misdemeanor. This statute is substantially similar to 14-218
except that the penalty is slightly different.
If the defendant's argument were to carry any weight in that the court should have charged on "culpable" or "criminal" negligence, then the legislature enacted useless legislation when it enacted 53a-58a because the only difference between the pertinent portions of 53a-57 and53a-58a is the deletion of the word "criminal" as applied to the subject, negligence. "The General Assembly is presumed to have intended a change in each statute when it deliberately changed the wording of each." Maynard v. New Haven Gas Co.,20 Conn. Sup. 31, 35.
The instruction of the court to the jury that the state had the burden of proving simple negligence as one of three essential elements is supported by numerous cases in this jurisdiction. State v. Berkowitz, 24 Conn. Sup. 112, 116, 1 Conn. Cir. Ct. 439, 443; State v. Pope, 6 Conn. Cir. Ct. 712, 714; State v. Colombo, 4 Conn. Cir. Ct. 671, 676-77.
 There is no error.
A. HEALEY, PARSKEY and SPONZO, Js., participated in this decision.